IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02762-PAB-NRN

GENTLE GIANT MOVING CO., INC.,

    Plaintiff,

v.

GENTLE GIANT MOVING AND STORAGE INC.,
JOSE M. ESQUIVEL,
ITAMAR FRIEDMAN, SR., and
EMPIER MOVING AND STORAGE SERVICES CO.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff Gentle Giant Moving Co., Inc.'s Additional Motion for Default Judgment on the Issue of Injunctive Relief Against Defendants Gentle Giant Moving and Storage, Inc., Empier Moving and Storage Services Co., Jose M. Esquivel and Itamar Friedman, Sr. Pursuant to Order of September 04, 2019 [Docket No. 45]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

On November 11, 2017, plaintiff filed this lawsuit against defendants Gentle Giant Moving and Storage Inc., Empier Moving and Storage Services Co. (collectively, "the corporate defendants"), Jose M. Esquivel, and Itamar Friedman, Sr. (collectively, "individual defendants") (collectively, "defendants"). Docket No. 1. In its complaint, plaintiff raised claims of trademark infringement under federal and Colorado law, unfair

competition, and deceptive trade practices. Docket No. 1 at 12-16. After plaintiff initiated this lawsuit, defendants were properly served, Docket No. 7, and filed an answer on December 26, 2017. Docket No. 11. However, since answering, defendants have been unresponsive. Specifically, the corporate defendants failed to retain new counsel after their counsel withdrew, despite the magistrate judge's order to do so, *see* Docket No. 29 at 2, and failed to appear at a show-cause hearing to demonstrate why default judgment should not enter against them for failure to retain counsel and obey a court order. Docket No. 34 at 3; Docket No. 35 at 1.[1] Moreover, all defendants failed to respond to plaintiff's discovery requests, *see* Docket No. 32 at 2-3, even after the magistrate judge ordered defendants to do so. *See* Docket No. 37 at 1; Docket No. 42 at 2.

On October 23, 2018, plaintiff filed a Motion for Sanctions and Application for Default Judgment Against Defendants Jose M. Esquivel, and Itamar Friedman, Sr. Docket No. 42.[2] In this motion, plaintiff moved for entry of default judgment against all defendants. *Id.* at 1. On September 4, 2019, the Court granted the motion in part and denied the motion without prejudice in part. Docket No. 44. The Court found that plaintiff was entitled to a default judgment against all defendants, *id.* at 8, and determined that injunctive relief was appropriate to prevent future trademark

---

[1] The magistrate judge recommended that the Court enter default against the corporate defendants and allow plaintiff to file a motion for default judgment as to those defendants. Docket No. 36 at 3. Defendants did not object to the recommendation.

[2] Although the motion's title references just the two individual defendants, the motion seeks sanctions against all defendants. Docket No. 42 at 1, 7.

infringement. *Id.* at 14.[3] However, the Court found that plaintiff's request for injunctive relief was insufficiently specific for the Court to enter any relief. *Id.* at 15;[4] *see also* Fed. R. Civ. P. 65(d)(1)(C) ("Every order granting and injunction . . . must . . . describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."). As a result, the Court denied plaintiff's motion without prejudice to the extent that it sought entry of injunctive relief against defendants. Docket No. 44 at 21. The Court ordered that any additional motion for default judgment should be filed by September 20, 2019. *Id.*

On that date, plaintiff filed its additional motion for default judgment. Docket No. 45. In this motion, plaintiff clarified the permanent injunctive relief that it seeks, namely, a permanent injunction enjoining each of the defendants, including all of their owners, officers, agents, servants, employees, representatives, assigns, affiliates, and subsidiaries from each of the following acts:

> 1. Using the trademarks GENTLE GIANT or GENTLE GIANT MOVING COMPANY (individually referred to as "any of Plaintiff's Marks" and

---

[3] The Court's analysis on the appropriateness of the injunctive relief was set out in its previous order, *see* Docket No. 44 at 9- 14, and will not be repeated here.

[4] In its original default judgment motion, plaintiff had requested a permanent injunction enjoining defendants from "directly or indirectly engaging in any activity constituting an infringement of the GENTLE GIANT Marks, or of Gentle Giant Moving Co., Inc's rights in, or right to use or exploit, the GENTLE GIANT Marks," or by "directly or indirectly using any false designation of origin or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any service, and/or other item has been manufactured, assembled, produced, distributed, displayed, sponsored, approved or authorized by . . . Gentle Giant Moving Co., Inc., when such is not true in fact," or "assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities listed above." Docket No. 42 at 8, ¶ 3.

3

collectively referred to as "Plaintiff's Marks") in conjunction with any advertising, marketing, promotion, or selling of goods or services whether electronic or otherwise, unless the Defendant in question first obtains express consent of Plaintiff for the same;

2. displaying Plaintiff's Marks on any property of the Defendants, including their moving vehicles, moving boxes, and their premises, whether physical or online;

3. permitting any third party acting under the control of any of the Defendants to represent to any member of the public or any agent or representative of another business that any of the Defendants are in any way affiliated with, sponsored by, endorsed by, operate under the direction or consent of, or have a license to use any intellectual property owned by Plaintiff, unless the respective Defendant first obtains express written consent of Plaintiff to do the same;

4. maintaining possession of any document or thing that bears any of Plaintiff's Marks or which bears a designation identifying Plaintiff as the origin or source of goods or services provided by any of the Defendants or any affiliate thereof, including electronic or physical documents and things and including advertising materials;

5. marking any good or service with any of Plaintiff's Marks or using a designation that identifies Plaintiff as the origin or source of the good or service, unless Defendants first obtain express written authorization for the same from Plaintiff;

6. using, registering or applying to register any trademark, service mark, trade name, or domain name that includes or incorporates any portion of Plaintiff's Marks protected by its federal registrations or any mark that Defendants should reasonably know is likely to be confused with any of Plaintiff's Marks.

7. soliciting or inducing any third party, including other persons or business entities, in engaging in or performing any of the activities listed above in paragraphs 1-6; and

8. assisting, aiding, or abetting any third party, including other persons or business entities, in engaging in or performing any of the activities listed above in paragraphs 1-6.

*Id.* at 3-4.

"Rule 65(d) requires only that the enjoined conduct be described in reasonable, not excessive, detail." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1316 (10th Cir. 1998); *see also Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1244 (10th Cir. 2001) ("A preliminary injunction is vague only when the delineation of the proscribed activity lacks particularity."). The Court finds that plaintiff's motion is sufficiently specific to allow the Court to "describe in reasonable detail . . . the act or acts restrained or required," Fed. R. Civ. P. 65(d)(1)(C), and to permit defendants to "ascertain from the four corners of the order precisely what acts are forbidden." *IDG USA, LLC v. Schupp*, 416 F. App'x 86, 88 (2d Cir. 2011) (unpublished). Wherefore, it is

**ORDERED** that plaintiff's Additional Motion for Default Judgment on the Issue of Injunctive Relief Against Defendants Gentle Giant Moving and Storage, Inc., Empier Moving and Storage Services Co., Jose M. Esquivel and Itamar Friedman, Sr. Pursuant to Order of September 04, 2019 [Docket No. 45] is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of plaintiff and against defendants.[5] It is further

**ORDERED** that defendants Gentle Giant Moving and Storage Inc., Empier Moving and Storage Services Co., Jose M. Esquivel, and Itamar Friedman, Sr., and all of defendants' owners, officers, agents, servants, employees, representatives, assigns,

---

[5] Because this default judgment is entered pursuant to Rules 16(f) and 37(b)(2) rather than Rule 55, "it is not necessary to direct an entry of default prior to the default judgment." *Colo. Satellite Broadcasting, Inc. v. Ciphermax, Inc.*, No. 07-cv-01285-REB-MJW, 2008 WL 4080041, at *2 (D. Colo. Sept. 2, 2008).

affiliates, and subsidiaries, are permanently restrained, enjoined, and prohibited, until further order of the Court, from:

1. Using the trademarks GENTLE GIANT or GENTLE GIANT MOVING COMPANY (individually referred to as "any of Plaintiff's Marks" and collectively referred to as "Plaintiff's Marks") in conjunction with any advertising, marketing, promotion, or selling of goods or services whether electronic or otherwise, unless the Defendant in question first obtains express consent of Plaintiff for the same;

2. displaying Plaintiff's Marks on any property of the Defendants, including their moving vehicles, moving boxes, and their premises, whether physical or online;

3. permitting any third party acting under the control of any of the Defendants to represent to any member of the public or any agent or representative of another business that any of the Defendants are in any way affiliated with, sponsored by, endorsed by, operate under the direction or consent of, or have a license to use any intellectual property owned by Plaintiff, unless the respective Defendant first obtains express written consent of Plaintiff to do the same;

4. maintaining possession of any document or thing that bears any of Plaintiff's Marks or which bears a designation identifying Plaintiff as the origin or source of goods or services provided by any of the Defendants or any affiliate thereof, including electronic or physical documents and things and including advertising materials;

5. marking any good or service with any of Plaintiff's Marks or using a designation that identifies Plaintiff as the origin or source of the good or service, unless Defendants first obtain express written authorization for the same from Plaintiff;

6. using, registering or applying to register any trademark, service mark, trade name, or domain name that includes or incorporates any portion of Plaintiff's Marks protected by its federal registrations or any mark that Defendants should reasonably know is likely to be confused with any of Plaintiff's Marks.

7. soliciting or inducing any third party, including other persons or business entities, in engaging in or performing any of the activities listed above in paragraphs 1-6; and

8.  assisting, aiding, or abetting any third party, including other persons or business entities, in engaging in or performing any of the activities listed above in paragraphs 1-6.

DATED August 19, 2020.

                                          BY THE COURT:

                                          _____
                                          PHILIP A. BRIMMER
                                          Chief United States District Judge